UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JEFFREY CHARTIER,

          Petitioner,

                              ORDER on Motions and
                              TO SHOW CAUSE
      -against-                17-CR-0372(JS)

UNITED STATES OF AMERICA,

          Respondent.
----------------------------------X
APPEARANCES
For Petitioner:     Jeffrey Chartier, Pro se
                 #75150-112
                 FCI Coleman Low
                 FEDERAL CORRECTIONAL INSTITUTION
                 Satellite Camp
                 P.O. Box 1027
                 Coleman, Florida  33521

For Respondent :   Whitman G.S. Knapp, Esq.
                 Kaitlin Farrell, Esq.
                 United States Attorney's Office
                 Eastern District of New York
                 271 Cadman Plaza East
                 Brooklyn, New York  11201

SEYBERT, District Judge:

      The Court presumes the parties' familiarity with the facts of this case. See generally United States v. Chartier, No. 17-CR-0373, 2021 WL 3795352 (E.D.N.Y. Aug. 26, 2021) (denying co-defendants' motions for acquittal or, alternatively, new

trials[1]), aff'd, Nos. 22-3125 (L), 23-6080 (CON), 2024 WL 3617023 (2d Cir. Aug. 1, 2024) (summary order).  For the reader's convenience, the Court states summarily that Petitioner Jeffrey Chartier ("Petitioner") was convicted of, inter alia, securities fraud and conspiracy to commit securities fraud.  See id. at *1.  On August 1, 2024, the Second Circuit affirmed Petitioner's conviction and this Court's below-Guidelines sentence of 120 months' imprisonment.  Id. at *10.  Petitioner did not further appeal his conviction or sentence to the Supreme Court.  (See Petition, ECF No. 1446, at 2.[2])

Previously, on July 28, 2025, Petitioner sought an extension of time to file a Section 2255 habeas petition (hereafter, the "First Extension Motion").  (See ECF No. 1443.) Said First Extension Motion was not accompanied by a proposed petition; nor was there any indication within the First Extension Motion of the basis upon which Petitioner sought habeas relief. (See id.)  On July 31, 2025, pursuant to Green v. United States,

---

[1]  More accurately, the Court granted, in part, Chartier's motion for judgment of acquittal or, in the alternative, for a new trial to the extent it vacated his conviction as to Count Sixteen of the subject superseding indictment.  See Chartier, 2021 WL 3795352, at *1, *26-29.  In all other respects, Chartier's motion was denied. See id. at *18, *52.

[2]  The Petition is attached to Petitioner's Second Extension Motion (defined infra).  (See ECF No. 1446 at ECF pp.6-29.)  Herein, unless otherwise indicated, the Court cites to the internal pages of the Petition.

260 F.3d 78, 83 (2d Cir. 2001), and given the lack of any accompanying petition, the Court dismissing the First Extension Motion for lack of jurisdiction. (See July 31, 2025 Elec. ORDER.)

Now before the Court are three related motions filed by Petitioner: (1) a motion for bond (hereafter, the "Bond Motion") (see ECF No. 1444); (2) a combined motion seeking appointment of counsel and an evidentiary hearing (hereafter, the "Appointment Motion") (see ECF No. 1445); and (c) a second motion seeking an extension of time to file a Section 2255 habeas petition, with said petition (the "Petitioner") attached thereto (hereafter, the "Second Extension Motion") (see ECF No. 1446). The Court addresses the motions in reverse order.

1.   The Second Extension Motion

A careful review of Petitioner's Petition reveals he does not need an extension of time since his filing is considered timely. Pursuant to the Section 2255 habeas statute, the one-year period of limitation to file a habeas petition "shall run from the latest of", among other measuring points and as is relevant here, "the date on which the judgment of conviction becomes final." 18 U.S.C. § 2255(f)(1). Petitioner believes his deadline for filing his Petition was August 1, 2025, since that is one year after the Second Circuit issued its order affirming his conviction. (See Second Extension Motion ¶¶ 2-3.) Not so.

"In Clay v. United States, . . . the Supreme Court held that a conviction becomes final when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (quoting Clay v. United States, 537 U.S. 522, 527 (2003)) (emphasis added); see also Sup. Ct. R. 13 (instructing, in relevant part, "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by. . . . United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"). Here, the time for having filed a certiorari petition expired on October 30, 2025, i.e., 90 days after the Second Circuit's August 1, 2024 entry of its judgment confirming Petitioner's conviction.

In this instance, Petitioner's Section 2255 Petition is dated October 28, 2025; his supporting declaration also indicates the Petition was placed in the FCI Coleman prison mail system on that date. (See Petition Support Declaration, ECF No. 1446 at ECF p.18.) Further, pursuant to his Certificate of Service, Petitioner's Second Extension Motion, Petition, and related attachments were sent to the Court on October 28, 2025, although the accompanying envelope indicates an October 31, 2025, mailing date. (Compare Cert. of Serv., ECF No. 1446, at ECF p.30, with Mailing Envelope, ECF No. 1446, at ECF p.31.)

As an incarcerated pro se litigant, Petitioner benefits from the federal prison mailbox rule and its liberal application. See generally Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001) ("The Supreme Court held in Houston v. Lack, 487 U.S. 266 [ ] (1988), that a prisoner appearing pro se satisfies the time limit for filing a notice of appeal if he delivers the notice to prison officials within the time specified.  This 'prison mailbox' rule is justified by the litigant's dependence on the prison mail system and lack of counsel to assure timely filing with the court." (citing Lack, 487 at 270-71)); see also Adeline v. Stinson, 206 F.3d 249, 251 n.1 (2d Cir. 2000) ("When a prisoner is proceeding pro se, . . . federal courts generally consider his . . . petition for habeas corpus to have been filed as of the date it was given to prison officials for forwarding to the court clerk."); Hardy v. Conway, 162 F. App'x 61, 63, 2006 WL 93083, at *1 (2d Cir. Jan. 12, 2006) (summary order) (stating, "[t]he prison mailbox rule provides that a pro se prisoner's habeas petition is deemed filed at the moment he gives it to prison officials", and "in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing" (collecting cases)).  Therefore, because his Petition is dated October 28, 2025 and, importantly, the accompanying Certificate of Service states Petitioner's Petition was served on October 28, 2025, applying the "prison mailbox" rule,

the Court will treat the Petition as (just barely) timely. Therefore, the Second Extension Motion is DENIED as moot. Furthermore, pursuant to Rule 4(b) of the Federal Rules Governing Section 2255 Proceedings, the Court will direct the Government to respond to the Petition.  (See infra, "CONCLUSION".)

        2.   The Appointment Motion

Petitioner seeks appointment of counsel to "represent him at the evidentiary hearing and all stages of his § 2255 motion."  (Appointment Motion); see also Brown v. New York, No. 22-CV-6371, 2024 WL 422290, at *2 (S.D.N.Y. Jan. 23, 2024) (instructing a petitioner needs to explain the reason for seeking appointment of counsel).  However, Petitioner's claimed need for an evidentiary hearing at this juncture is anticipatory, at best.

Pursuant to Rule 8 of the Federal Rules Governing Section 2255 Proceedings:

> **Determining Whether to Hold a Hearing**.  If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

FED. R. GOVERNING § 2255 PROCEEDINGS 8(A).  In turn, Rule 7 states, in relevant part:

> (a) **In General**.  If the motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion.  The judge may require that these materials be authenticated.

(b) **Types of Materials.** The materials that may be required include letters predating the filing of the motion, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits also may be submitted and considered as part of the record.

FED. R. GOVERNING § 2255 PROCEEDINGS 7 (A) & (B). At a minimum, until such time when the Court receives Respondent's answer, it is impossible to know whether an evidentiary hearing is warranted. Moreover, given Petitioner's claims of ineffective-assistance-of-counsel, before requiring an evidentiary hearing, the Court will first direct the submission of affidavits of counsel to expand the record for the Court's consideration. Until these additions are made to the record, the Court's ability to determine the necessity of an evidentiary hearing is stymied. Given this procedural posture, it is certainly too soon to decide whether appointment of counsel is required. See FED. R. GOVERNING § 2255 PROCEEDINGS 8(C).

In any event, "[t]here is no constitutional right to counsel in post-conviction proceedings[.]" United States v. Straza, 744 F. Supp. 3d 219, 221 (E.D.N.Y. 2024) (citing Clemente v. Lee, 72 F.4th 466, 478 (2d Cir. 2023)). As Honorable Lorna G. Schofield of the Southern District of New York recently succinctly explained regarding a court's discretion to appoint counsel to represent a petitioner seeking Section 2255 habeas relief:

Section 2255(g) expressly provides that a district court "may appoint counsel," and that appointment of counsel is governed by 18 U.S.C. § 3006A. Section 3006A(a)(2) provides

that representation may be provided "for any financially eligible person" when "the interests of justice so require."

In determining whether the "interests of justice" require the appointment of counsel under Section 3006A, district courts look to Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1985), a Second Circuit case articulating the factors that courts should consider in determining whether to appoint an attorney to represent an indigent civil litigant. See, e.g., Vasquez v. McGuinness, No. 23[-CV-]7501, 2024 WL 2883295, at *1 (S.D.N.Y. May 22, 2024) (applying Hodge factors when considering a motion for the appointment of counsel filed under Section 3006A); Brown v. New York, No. 22[-CV-]06371, 2024 WL 422290, at *2 (S.D.N.Y. Jan. 23, 2024) (same).

Davis v. United States, No. 25-CV-1781, 2025 WL 753541, at *1 (S.D.N.Y. Mar. 10, 2025). Judge Schofield further elucidated: "Hodge dictates that '[i]n deciding whether to appoint counsel, . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'" Id. (quoting Hodge).

Applying Hodge in the Davis case, Judge Schofield found -- like here -- it was "too early in the proceedings to determine whether Movant's 'position seems likely to be of substance'", id. at *2 (quoting Hodge); therefore, she denied petitioner's appointment of counsel motion without prejudice to renew "[a]t a later stage" in the Section 2255 proceedings, i.e., when the Court would be better able to "determine that such appointment 'would be more likely to lead to a just determination.'" Id. at *2; see

also, e.g., Brown, 2024 WL 422290, at *2 (denying motion for appointment of counsel, inter alia, "[g]iven that this case is still in the early stages of litigation, and Respondent has not yet opposed the motion to vacate" such that court could not ascertain whether petitioner's claims were "likely to be of substance" (citation omitted)).  Therefore, in this instance, given the nascent nature of Petitioner's Section 2255 habeas request, his Motion for Appointment of Counsel is DENIED in its entirety and as wholly premature.

      3.   The Bond Motion

"[F]ederal courts have the authority to grant bail to habeas petitioners," Macaluso v. Keyser, No. 18-CV-4830, 2020 WL 8455536, at *1 (E.D.N.Y. Apr. 17, 2020), but that "power is a limited one, to be exercised in special cases only." Mapp v. Reno, 241 F.3d 221, 226 (2d. Cir. 2001).  As former Chief Judge Roslynn R. Mauskopf of this District explained:

> A habeas petitioner's bail request "must demonstrate that 'the habeas petition raise[s] substantial claims and that extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective.'" Grune v. Coughlin, 913 F.2d 41, 44 (2d Cir. 1990) (quoting Iuteri v. Nardoza, 662 F.2d 159, 161 (2d Cir. 1981)). "[C]ourts in this district have reasoned that 'there must be a demonstrated likelihood that the petition will prevail, based upon claims of a substantial nature upon which the petitioner has a high probability of success, and demonstrating merits that are more than slightly in petitioner's favor, so that

victory for petitioner can be predicted with confidence.'" Muja v. United States, No. 10-CV-2770 (NGG), 2011 WL 1870290, at *1 (E.D.N.Y. May 16, 2011) (quoting Beras v. United States, No. 05-CV-2678 (SWK), 2007 U.S. Dist. LEXIS 5273 at *3, 2007 WL 195352 (S.D.N.Y. Jan. 24, 2007)).

Macaluso, 2020 WL 8455536, at *1.

Because the instance case is not a special one, it does not warrant the granting of bond. Moreover, the Court finds it does not have confidence there is a high probability Petitioner's substantive claims will succeed such that this Court will grant habeas relief. Given this Court's lack of confidence, Petitioner fails to meet the demanding standard warranting granting the Bond Motion. See Hayon v. Reardon, No. 20-CV-4668, 2021 WL 25365, at *4 (E.D.N.Y. Jan. 4, 2021) ("The standard for bail pending habeas litigation is a difficult one to meet."). Nor is the fact that, as he claims, Petitioner is neither a flight risk nor a danger to the community given his incarcerated enough to warrant Petitioner's release on bond. (See Bond Motion ¶¶ 1, 2); see also, e.g., Moore v. Vann, No. 20-CV-0012, 2020 WL 2315694, at *1 (N.D.N.Y. May 11, 2020) ("The fact that petitioner is incarcerated in alleged violation of his constitutional rights does not constitute an extraordinary circumstance."). And, the Court's having "previously allowed [Petitioner] to remain on bond after conviction" (Bond Motion ¶ 4), does not change that calculus. Finally, Petitioner has not explained, nor does this Court find,

this case to be either unusual or presenting extraordinary or exceptional circumstances making the grant of the Bond Motion necessary to make the habeas remedy effective.  See, e.g., Ward v. Piccolo, No. 20-CV-1899, 2021 WL 3723067, at *1 (S.D.N.Y. Aug. 20, 2021) (finding, where petitioner had not established the existence of extraordinary circumstances, release on bail pending ruling on merits of habeas petition was not warranted); see also id. at *1 n.3 (noting "[b]ecause of the two-pronged standard set forth in Mapp, it [wa]s not necessary for the Court to reach the merits of the underlying [p]etition . . . in order to rule on the motion for bail").  Accordingly, Petitioner's Bond Motion is **DENIED.**

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's:

(1)  Bond Motion (ECF No. 1444) is **DENIED;**

(2)  Appointment Motion (ECF No. 1445) is **DENIED** without prejudice to renew at a later date; and

(3)  Second Extension Motion (ECF No. 1446) is **DENIED** as moot; and

**IT IS FURTHER ORDERED** that:

(4)  in accordance with Rule 5 of the Federal Rules Governing Section 2255 Proceedings, by no later than March 20, 2026, the Government is to **SHOW CAUSE** why Petitioner's Petition should not be granted;

**IT IS FURTHER ORDERED** that, in conjunction with the Government complying with this Court's Order to Show Cause:

(5) having examined the Petition, Petitioner raises various ineffective-assistance-of-counsel claims and, in doing so, has also waived his attorney-client privilege as to any information and communications with counsel pertaining to his allegations in the instant Petition;

(6) pursuant to Rule 7(a) & (b) of the Federal Rules Governing Section 2255 Proceedings, the Court has determined it is prudent to require additional information from said counsel to rule upon Petitioner's ineffective-assistance claims;

(7) therefore, the Government is to submit affidavits from counsel responding to Petitioner's ineffective-assistance claims and said counsel is/are **ORDERED** to timely and fully cooperate with the Government in its obligation to submit the ordered affidavits; and

(8) pursuant to Rule 7(c) of the Federal Rules Governing Section 2255 Proceedings, Petitioner shall have until April 17, 2026, to file a reply admitting or denying the correctness of the averments of counsel and otherwise addressing issues raised in the Government's response. **PLAINTIFF IS ON NOTICE: If a timely reply is not received, the Court will deem the record fully expanded and will proceed to rule upon the Petition;** and

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to serve a copy of this Order upon (a) the above-named U.S. Attorneys, via electronic service, and (b) Petitioner, via, U.S. mail, at his address of record, including the notation "LEGAL MAIL" on the mailing envelope.

                                        **SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  February 4, 2026
          Central Islip, New York